UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONNIE THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 00-02446 (ESH) |
| ) | |
| TRANS STATES AIRLINES, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

FILED

DEC 11 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Before the Court is defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue. Defendant argues that there is a lack of personal jurisdiction, insufficiency of service, and improper venue. The Court agrees that it lacks jurisdiction over defendant, and thus, it need not address defendant's other arguments.

## BACKGROUND

Plaintiff is a resident of Alexandria, Virginia and currently works in Washington, D.C. Defendant is a corporation organized under the laws of the State of Missouri and has its corporate headquarters in St. Louis, Missouri. Defendant leases a small portion of a hangar facility at Reagan National Airport, and operates as an air carrier that subcontracts its flights from major airlines, including Delta, TWA, and United Express. Plaintiff asserts that she was first employed by defendant from June 24, 1998 until October 24, 1998, as a gate agent. She then worked for defendant again from June 17, 1999 until October 15, 1999, as a stores clerk in its




Maintenance Parts Division. Plaintiff applied for and was interviewed for both of these positions at the hangar facility. While working for defendant, plaintiff worked exclusively at the hangar facility. When plaintiff was terminated in October 1999, the decision was made by a member of management at the hangar facility. Subsequent to plaintiff's termination, she filed suit challenging defendant's employment practices and her termination under 42 U.S.C. § 1981 and on common law grounds. It is uncontested that throughout plaintiff's employment at defendant's hangar facility, she was a resident of Virginia.

## ANALYSIS

Plaintiff argues that the Court has both specific and general personal jurisdiction over defendant. (Pl. Opp. at 6). General personal jurisdiction may be exercised over a defendant in the District of Columbia if the defendant is "doing business" in the District. See D.C. Code § 13-334(a). Under this statute, jurisdiction is conferred "for all purposes, not merely for those claims arising out of defendant's contacts with the District." Ross v. Product Development Corp., 736 F. Supp. 285, 290 (D.D.C. 1989)(citation omitted). If "the particular claim does not 'arise under' the corporation's nexus to the District, jurisdiction may be exercised provided that [the plaintiff is] able to show that [the defendant] is 'doing business' in the District, and that such an exercise comports with due process." Everett v. Nissan Motor Corp., 628 A.2d 106, 108 (D.C. 1993)(citations omitted). In order to comport with due process where the claim does not arise from defendant's connection to the District, defendant's activities in the District must be continuous and substantial. See Hughes v. A. H. Robins Co., 490 A.2d 1140, 1149 (D.C. 1985).

Plaintiff argues that the Court has general personal jurisdiction over defendant because

Reagan National Airport is located partly in the District of Columbia and because defendant does business with "D.C. based airlines such as Delta and TWA." (Pl. Opp. at 12-17). As for the location of Reagan National Airport, plaintiff's position is simply wrong. The Airport is located in Arlington County within the Commonwealth of Virginia. See Va. Code § 7.1-10 (incorporating boundary line between Virginia and the District of Columbia as established in United States Public Law 208, 79th Congress, approved October 31, 1945); Pfister v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor, 675 F.2d 1314, 1315 (D.C. Cir. 1982); Bryan v. District Unemployment Compensation Bd., 342 A.2d 45, 47 (D.C. 1975). The fact that the airport's mailing address is "Washington DC 20001" does not alter the airport's location. See id. ("It is common knowledge that postal zones frequently cross state or municipal boundaries and that many federal agencies are assigned particular code numbers of their own")(internal citation and quotation marks omitted). Likewise, legislation in 1998 changing the name of the airport to Ronald Reagan National Airport and referring to the airport as located in Washington, DC and Virginia does not affect the holdings in Pfister and Bryan. It is clear from the face of the legislation that its intent was purely to rename the airport as Ronald Reagan National Airport and not to change its locale. (See Pl. Opp. at Attach. 4).

Plaintiff further argues that because defendant has contracts with "D.C. based carriers like Delta and TWA," defendant conducts business within the District of Columbia. (Pl. Opp. at 17). As discussed above, any business that is conducted on the premises of Reagan National Airport is conducted in Virginia. Thus, any contracts performed to carry passengers from Reagan National Airport to other locations are performed in Virginia. Furthermore, plaintiff has provided no factual support for the assertion that TWA and Delta are "D.C. based carriers," nor

has it provided any legal support for the concept that defendant is subject to personal jurisdiction in the District of Columbia merely because some passengers might have purchased their tickets in the District of Columbia from airlines with whom defendant has entered into contractual agreements. The connection between such customers and defendant is tenuous at best, since defendant does not solicit business or customers in the District (see Wigmore Decl. ¶ 7); is not authorized, nor is required to be authorized, to conduct business in the District (see id. ¶ 13); and is not in any way related to the airlines that have ticket offices in the District. (Id. ¶ 11). See, e.g., Hughes, 490 A.2d at 1149 n15 (finding that contacts are not "substantial" where defendant relied on out-of-District wholesalers to get its products to District stores). Thus, the Court concludes that defendant's contacts with the District of Columbia are neither continuous nor substantial, and general jurisdiction cannot be exercised.

Specific personal jurisdiction in this case can only exist if permitted by the District of Columbia's long-arm statute, D.C. Code § 13-423. See Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 424 (1991); First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1377-79 (D.C. Cir. 1988). D.C.'s long-arm statute provides in relevant part:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia; [or]
> (2) contracting to supply services within the District of Columbia

D.C. Code § 13-423(a). In order to exercise jurisdiction over defendant pursuant to this statute, "only a claim for relief arising from acts enumerated in this section may be asserted against [it.]" D.C. Code § 13-423(b). Plaintiff argues that specific jurisdiction exists based on defendant's

advertisements for job openings in the Washington Post and on defendant's contracts with airlines that both operate out of Reagan National Airport and have ticketing offices within the District of Columbia. (See Pl. Opp. at 6-12). As discussed above, the business that defendant conducted and the services that were supplied at the hangar facility at Reagan National Airport occurred within Virginia. Also as discussed above, plaintiff cannot support the notion that defendant conducts any business within the District of Columbia merely because airlines with which it contracts have ticket offices there. Plaintiff has not demonstrated a good faith belief that defendant has provided any other services in the District.

Thus, specific jurisdiction over defendant turns on whether defendant's job postings in the Washington Post's classified section supplied sufficient contacts to warrant personal jurisdiction over defendant in the District. Plaintiff argues that she learned of defendant's job openings through defendant's employment ads in the Washington Post, that she responded to an ad promising "on the job training," and that some of her claims arise out of training-related issues. (Pl. Opp. at 10-11). She relies on Shoppers Food Warehouse v. Moreno, 746 A.2d 320 (D.C. 2000), to support the contention that advertisements in the Washington Post establish the minimum contacts necessary for personal jurisdiction to be found in the District of Columbia. (Pl. Opp. at 6-11).

In Shoppers, a D.C. resident slipped and fell in a grocery store in Maryland. The Court of Appeals for the District of Columbia found that specific personal jurisdiction existed on the basis that "through its extensive advertising activity in a major District of Columbia newspaper," the defendant "purposefully and deliberately solicited District residents as customers for its nearby Maryland and Virginia stores and thus transacted business in the District; and further, because

plaintiff's claim was related to or had a discernable relationship to its advertising," defendant "could have reasonably anticipated being haled into court to defend against a . . . suit brought by a District resident." 746 A.2d at 335.

The case before the Court is distinguishable from Shoppers in that plaintiff is not a District of Columbia resident. As the court in Shoppers noted, the District's long-arm statute is "coextensive in reach with the exercise of personal jurisdiction permitted by the due process clause." 746 A.2d at 325. Consequently, in order to extend personal jurisdiction over defendant pursuant to the District's long-arm statute, defendant must have had "fair warning" that it would be sued by someone such as plaintiff in the District of Columbia and the claim for relief must "result[] from alleged injuries that 'arise out of or relate to' those activities." Shoppers, 746 A.2d at 332 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) and Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)). Shoppers appeared to recognize that the "fair warning" requirement is logically connected to the concept that States have an interest in protecting the interests of its residents. 746 A.2d at 328 (noting that the 'fair warning' requirement "is satisfied if the defendant has purposefully directed his activities at *residents* of the forum" and that a "State generally has a manifest interest in providing *its residents* with a convenient forum for redressing injuries inflicted by out-of-state actors")(emphasis added)(internal citations and quotation marks omitted). It is undisputed that the Washington Post is distributed in the District of Columbia. However, it is also uncontested that plaintiff was a resident of Virginia when she applied for the job and during all times when she was employed by defendant. Moreover, according to plaintiff's sworn affidavit, she saw the advertisement in the Washington Post that she receives through her subscription, presumably

-6-

delivered to her home in Virginia. (Thompson Decl. ¶ 2). While defendant might have placed an employment ad in the Washington Post deliberately, and thus it might be argued that a resident of the District might bring suit against defendant for some matter relating to the employment ad, it is unreasonable for defendant to expect to be haled into a court in the District of Columbia with respect to a matter brought by a Virginia plaintiff relating to her job performance in Virginia. Furthermore, since plaintiff's claims have nothing to do with the fact that defendant's employment ads appeared in the District, her claims do not "arise out of or relate to" defendant's contacts with the District.

**Request for Further Discovery**

Plaintiff requests that she be granted a period for further discovery in the event the Court determines that there are not sufficient facts to support a finding of personal jurisdiction over defendant at this time. (Pl. Opp. at 24-25). To merit further jurisdictional discovery, a plaintiff "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." Caribbean Broadcast Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998). Plaintiff has failed to demonstrate such a belief, asserting that she seeks to "obtain more specific information about Trans States' business contacts within the District, such as the number of District residents who are Trans States passengers or the amount of revenue derived from Trans States' contracts with TWA, Delta and United Express which all do business in the District of Columbia." (Pl. Opp. at 24-25). Plaintiff does not appear to have a good faith basis for its bald assertion that airlines with which defendant has agreements are "D.C. based carriers." The only business that plaintiff has identified that

these airlines do in the District of Columbia involves ticket sales between the airlines and their customers. Such contracts between passengers and their airlines are independent of any contracts between those airlines and defendant and do not result from any effort on defendant's part to attract customers. (See Wigmore Decl. ¶¶ 7, 11). Thus, any connection between D.C. passengers and defendant is, at most, tenuous and indirect. More importantly, even if plaintiff were able to establish that contacts exist on the basis that defendant carries D.C. passengers and garners revenues from contracts with airlines that do business in the District, "these business activities are insufficient to bring the defendant within the jurisdiction of this Court on a claim having absolutely no connection with the District." Ramamurti v. Rolls-Royce, Ltd., 454 F. Supp. 407, 413 (D.D.C. 1978). Therefore, plaintiff has "alleged absolutely nothing, upon either information or belief, to indicate that a court in the District of Columbia might constitutionally assert jurisdiction over" defendant. Carribean Broadcast Sys. at 1089. See also Naartex v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983) (denying jurisdictional discovery where pleadings contain "no allegations of specific facts that could establish the requisite contacts").[1]

---

[1] Given the Court's conclusion that it lacks jurisdiction, it need not address the issues of insufficiency of service or improper venue. However, the Court notes that there are serious questions as to venue, and certainly, assuming jurisdiction, this case would be transferred to the Eastern District of Virginia, where it properly belongs, since plaintiff resides there, defendant transacted business there, and all relevant conduct occurred there. See, e.g., Saulnier v. Northwest Airlines, Civ. Action No. 97-1929 (D.D.C. Aug. 31, 2000)(transferring case to the U.S. District Court for the Eastern District of Virginia where plaintiff was not a D.C. resident, defendant conducted business in Virginia, and all of the underlying acts giving rise to the plaintiff's complaint occurred in Virginia).

## CONCLUSION

Thus, the Court is without jurisdiction to hear this matter. Accordingly, defendant's motion to dismiss is hereby **GRANTED** and plaintiff's claims are **DISMISSED**.

*/s/ Ellen S. Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge